THOMPSON, J.
 

 The relator caused execution to issue on a judgment for $120, plus 20 per cent, attorney fees rendered by the First city court of this city against William P. Bandin and three others. The New Orleans Public Service, Inc., was made party garnishee, and answered that it was indebted to two of the defendants, J. W. Baisfield in the sum of $22.23, and P. J. Burdelon in the sum of $28.06.
 

 The defendant Baisfield ruled the plaintiff to show cause why the garnishment should not be set asidle and the seizure released, on the ground that the amount due him by the Public Service, Inc., was for wages as a laborer, and was therefore exempt from seizure.
 

 On the trial of this rule, the counsel for plaintiff asked to have the testimony reduced to writing by the court stenographer, on the theory that the amount involved exceeded $100, and was triable on appeal on the original record, as provided in section 27, art. 7, Constitution of 1921, and not de novo, as provided in section 91, art. 7, of the said Constitution.
 

 The trial judge declined to have the testimony taken down, being of the opinion that the amount in controversy was the amount of wages seized, and not the amount of the original judgment; that, therefore, any appeal from the judgment rendered therein would be triable de novo.
 

 It is to be observed that the relator made no attempt to traverse the answers of the garnishee ; hence there was no issue between relator and the garnishee as to whether the latter owed the judgment debtor an amount in excess of $100. So far as the record shows, the relator accepted the answer of the garnishee admitting an indebtedness to the judgment debtor of $22.23.
 

 The only issue tried, or that could be tried, at that time, was between the plaintiff and its judgment debtor, and that issue was whether or not the amount seized was exempt as wages.
 

 Our opinion is that the court ruled correctly.
 

 The application for the writs is refused.